UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASESTACK, INC.,

    Plaintiff,

v.

ROSS BLUMBERG, STEVEN HEUMAN, DENNIS VASBINDER, ROBERT MONROE, KEVIN PERRON, MARK BALDWIN, SCOTT MEDLEY, ALVINA DOREEN BEEMER, MARY JACOBS and PUGET SOUND INTERNATIONAL, INC.,

    Defendants.

Case No. C05-5821FDB

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff CaseStack, Inc. provides shipping and transportation services nationwide and is headquartered in Santa Monica, California. CaseStack established a Vancouver, Washington office in 2001 with several employees who were displaced from Consolidated Freightways' bankruptcy. CaseStack relates the decline of the Vancouver office and that in October 2005 CaseStack's president advised Sales Manager Ross Blumberg that joint management of the Vancouver and Los Angeles, California [L.A.] offices would be transitioned back to the L.A office. Blumberg was offered the Sales Manager position in L.A., but he resigned instead on October 11, 2005. The remaining CaseStack employees resigned on December 7 and 8, 2005.

ORDER - 1

1  CaseStack contends that Blumberg immediately began to solicit CaseStack customers after
2  he went to work for Defendant Puget Sound International, Inc. (PSI).  CaseStack seeks a temporary
3  restraining order precluding the defendants from, among other things, "soliciting or accepting
4  business from any person or entity who has been a customer or client of CaseStack for the past four
5  years." (Plaintiff's Motion p.2.)

6  Defendants, Blumberg and the other individual defendants and PSI, respond that the
7  customers' decision to work with PSI did not result from employee solicitations and submit the
8  employees declarations in support of this contention.  The customers that CaseStack claims were
9  solicited by the employees submit declarations verifying that their business was not solicited and that
10 they sought out the former CaseStack employees on their own volition.

11 Defendants argue that the non-solicitation agreements referenced by CaseStack are
12 unenforceable because an "agreement" entered into by an employer and an at-will employee after the
13 commencement of employment is unenforceable unless supported by independent consideration.
14 *Labriola v. Pollard Group, Inc.*, 152 Wash. 2d 828, 835, 100 P.3d 791 (2004).  Defendants also
15 argue that employees do not violate non-solicitation agreements by announcing their new
16 employment. *E.g., Moss Adams & Co. v. Shilling*, 179 Cal. App.3d 124 (1986), *reh'g denied*, 1986,
17 *review denied*, 1986).  The employees herein, communicated their departure to customers and only
18 indicated their new employment when the customer inquired, and even then cautioned that they
19 could not solicit their business.  Defendants further argue that the identity of a customer with whom
20 an employee worked is not a trade secret. *Moss Adams*, 179 Cal. App.3d at 124.  Moreover,
21 continue Defendants, even if the customer list is considered to be a "trade secret," many customers
22 were not contacted at all, other customers sought out the former employee, or the employee merely
23 notified the customer that they were leaving.

24 Defendants argue that CaseStack has an adequate remedy at law in that the measure of
25 damages for breach of non-competition or non-solicitation agreements is the value of the ex-
26 ORDER - 2

employer's lost business. *Merager v. Turnbull*, 2 Wash.2d 711, 722, 99 P.2d 434 (Wash. 1940). CaseStack submits the Thompson declaration indicating damages from loss of business.

Having reviewed Plaintiff's motion and attendant submissions as well has having reviewed Defendant's response and supporting submissions, the Court concludes that CaseStack has not made a sufficient showing to obtain a temporary restraining order (TRO).  In order to obtain a TRO, a plaintiff must show (1) that it has a clear legal or equitable right; (2) that it has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury.  In determining the right to injunctive relief, a court must consider the likelihood that the moving party will prevail on the merits. *Atwood v. Shanks*, 91 Wn. App. 404, 409, 958 P.2d 332 (Wash. Ct. App. 1998).  CaseStack has not demonstrated that it is likely to prevail on the merits nor that its fear that its former employees are soliciting business is well grounded.

NOW, THEREFORE, IT IS ORDERED:

1. Plaintiff's Motion for a Temporary Restraining Order is DENIED;
2. A hearing is scheduled for **Wednesday, January 4, 2006 at 2:00 p.m.** where Defendants shall show cause why a preliminary injunction shall not issue.

DATED this 23rd day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3