UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASESTACK, INC.,

    Plaintiff,

    v.

ROSS BLUMBERG, STEVEN HEUMAN, DENNIS VASBINDER, ROBERT MONROE, KEVIN PERRON, MARK BALDWIN, SCOTT MEDLEY, ALVINA DOREEN BEEMER, MARY JACOBS and PUGET SOUND INTERNATIONAL, INC.,

    Defendants.

Case No. C05-5821FDB

ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

## INTRODUCTION

Plaintiff CaseStack, Inc. provides shipping and transportation services nationwide and is headquartered in Santa Monica, California. CaseStack established a Vancouver, Washington office in 2001 with several employees who were displaced from Consolidated Freightways' bankruptcy. The Defendant employees in the CaseStack Vancouver, Washington office signed Proprietary Information Agreements that provided the employees would not disclose CaseStack's confidential customer records and that they would not solicit CaseStack's employees or accounts subsequent to termination of their employment for any reason. (Simonson Decl. and attached copies of the signed agreements).

ORDER - 1

Defendant Ross Blumberg resigned his employment with CaseStack on October 11, 2005 and went to work for Defendant PSI. (Sanker Decl. ¶ 15.) The remaining Vancouver office employees resigned on December 7 and 8, 2005. (Sanker Decl. ¶ 16.) All the employees who resigned on December 7 and 8 began working for Defendant PSI immediately. (Thompson Decl. ¶ 7.)

The parties having presented oral arguments to the Court on January 4, 2006, and the Court having reviewed the parties' submissions, including those submissions filed by the parties subsequent to the hearing, now grants Plaintiff's Motion for a Preliminary Injunction for the following reasons.

## DISCUSSION

In considering whether or not to grant a preliminary injunction, "[i]n each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Village of Gambell, Alaska*, 480 U.S. 531 (1987). A party seeking injunctive relief must show either: (1) a combination of probable success on the merits and the possibility of irreparable injury; or that (2) serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839-40 (9th Cir. 2001).

It was made clear in the hearing that there is no dispute that valid non-solicitation agreements, referred to as Proprietary Information Agreements (PIA), were entered into by the individual defendants and CaseStack. That there could be no dispute on this issue is demonstrated by attachments A-G to the Simonson Declaration. Injunctive relief has been granted by courts in similar situations. *See, e.g. John Hancock Mutual Life Ins. Co. v. Austin*, 916 F. Supp. 158, 164-65 (N.D.N.Y. 1996)(enforcing two-year covenant prohibiting insurance salesperson from encouraging former customers to cancel, lapse or fail to renew existing policies); and *Merril, Lynch, Pierce, Fenner & Smith v. Bradley*, 756 F.2d 1048, 1054-55 (4th Cir. 1985)(temporary restraining order proper to prevent former employee from soliciting former customers or using confidential information).

ORDER - 2

The Proprietary Information Agreements in this case have both non-solicitation and confidentiality provisions. Following the termination of their employment with CaseStack, the Individual Defendants agreed not to disclose or retain CaseStack records and client information, and for one year after their employment with CaseStack ended, they agreed not to solicit any business from CaseStack clients. As clarified at the hearing, this non-solicitation provision restricted the Individual Defendants from soliciting CaseStack's customers who were not also PSI's customers prior to a certain date.

Defendants may not retain or disclose CaseStack records and client information. Defendants agreed at the hearing that if they have any CaseStack client lists, they must give them back to CaseStack. The Court emphasized that a list does not necessarily mean a piece of paper, but may exist in intangible form as well.

A review in detail of the supporting material submitted by CaseStack reveals that there is a basis for its concern that there has been or may be a breach of the PIAs. "The harm caused by a breach of a covenant not to compete is very difficult to accurately quantify." *Perry v. Moran*, 111 Wn.2d 885, 887, 766 P.2d 1096 (1989). Once customers have been solicited, damage has already been done, as the solicitation cannot be undone. *See Merrill Lynch v. Bradley*, 756 F.2d 1048, 1054 (4th Cir. 1985). Defendants contended at the hearing that they have not solicited any of CaseStack's customers who were not joint customers with PSI. Defendants also asserted that they have no client lists, but agree that if they do, they would be returned to CaseStack. Under the circumstances, the balance of hardships tips strongly in CaseStack's favor. CaseStack's Motion for a Preliminary Injunction must be granted, as Defendants have failed to show cause why a preliminary injunction should not be granted.

NOW, THEREFORE,

IT IS ORDERED: Plaintiff CaseStack's Motion for a Preliminary Injunction following a

ORDER - 3

hearing in accordance with the Court's December 23, 2005 Order [Dkt. # 9] is GRANTED and Plaintiff is entitled to a preliminary injunction order enjoining the Individual Defendants, directly or indirectly, and whether alone or in concert with others, including PSI, from:

1. Soliciting business from any person or entity who has been a customer of CaseStack (*i.e.*, any person or entity to whom CaseStack sold logistics or shipping services) for the past four years, unless that person or entity was also a customer of Puget Sound International before December 8, 2005;

2. Contacting any person or entity who has been a customer of CaseStack (*i.e.*, any person or entity to whom CaseStack sold logistics or shipping services) for the past four years for the purpose of selling logistics or shipping services to that customer or client, unless that person or entity was a customer of Puget Sound International before December 8, 2005 and that person or business initiated the request for such services, not any of the Individual Defendants; or

3. Divulging the names of the CaseStack customers, accounts, contacts, agents or other CaseStack information or materials to any actual or potential competitor, including but not limited to PSI;

IT IS FURTHER ORDERED that Defendants, including PSI, shall return within two (2) business days of the entry of this Order any and all of CaseStack's confidential business information which may be in the possession of defendants, including but not limited to, customer lists, member and customer account names, addresses, and telephone and fax numbers, email addresses, confidential financial information of members or customers, including all original records, copies, computerized information, or other reproductions of them.

IT IS FURTHER ORDERED that this Order is conditioned on Plaintiff posting a security bond in the amount of $10,000.00 for the payment of any costs or damages that may be incurred by defendants should it later be determined that this preliminary injunction order was wrongfully issued.

ORDER - 4

DATED this 10th day of January 2006.

*[signature]*

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 5